Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 03 C 987 | **DATE** | 7/18/2003 |
| **CASE TITLE** | Iosello vs. Lexington Law Firm et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] REPORT AND RECOMMENDATION is hereby submitted to Judge Guzman recommending that the District Court GRANT defendants' motion to dismiss the complaint [11-1] on the ground that it was improperly served, but find that, should service become effective in the future, defendants are subject to personal jurisdiction in Illinois, and subject to the strictures of the CROA. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation *Lorentzen v. Anderson Pest Control,* 64 F.3d 327, 330 (7th Cir. 1995). All matters relating to the referral of this case having been resolved, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | Document Number |
| | No notices required. | JUL 21 2003 date docketed | 23 |
| ✓ | Notices mailed by judge's staff. | docketing deputy initials | |
| | Notified counsel by telephone. | 7/18/2003 date mailed notice | |
| | Docketing to mail notices. | KF | |
| | Mail AO 450 form. | mailing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | |
| KF | courtroom deputy's initials | | |

U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER IOSELLO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 03 C 0987** |
| **vs.** | ) | |
| | ) | |
| **LEXINGTON LAW FIRM, a corporation, and VICTOR LAWRENCE,** | ) | **Judge Ronald A. Guzman** **Magistrate Judge Michael T. Mason** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Michael T. Mason, United States Magistrate Judge:

**Background**

Plaintiff, Christopher Iosello, filed a class action complaint against defendants Lexington Law Firm, alleged in the complaint to be a corporation, and Victor Lawrence, principal officer and owner of Lexington Law Firm, alleging a violation of the Credit Repair Organizations Act (15 U.S.C. § 1679) ("CROA"). The defendants[1] move to dismiss the complaint under Fed.R.Civ.P. 12(b)(5) for improper service. Additionally, the defendants also claim lack of personal jurisdiction and argue that the CROA does not apply to attorneys performing credit repair. The District Court referred the motion to us for a report and recommendation. After considering the arguments of both parties, we recommend that the District Court GRANT the motion to dismiss, based on the fact

[1] Although plaintiff names two defendants, the motion to dismiss refers only to Victor Lawrence, d/b/a Lexington Law Firm. Further, both parties appear to accept the fact that the defendants may be considered a single entity. Therefore, although we refer to "defendants" in the opinion, our analysis collapses Lawrence and the law firm into one defendant.





that the defendants were not properly served. However, we also recommend that the District Court find that, should proper service be effected in the future, this Court does have personal jurisdiction over the defendants, and they are subject to the CROA.

**Facts**

We accept all allegations of the complaint as true, as we must when deciding a motion to dismiss. *Hishon v. King & Spaulding*, 467 U.S. 69, 72 (1984). The plaintiff, Christopher Iosello, is a resident of Chicago, Illinois. In 2002, he entered into a contract for credit repair services with defendant Lexington Law Firm. According to the complaint, plaintiff and defendant entered into this contract "via the Internet, mail, and telephone". Lexington Law Firm is a Utah corporation which is owned by principal officer Victor Lawrence, and which is a "credit repair organization" as defined by 15 U.S.C. § 1679a of the CROA. The plaintiff contracted with defendants for credit repair services, paying an initial fee of $110.00. He requested his money back after expressing dissatisfaction with the service provided by Lexington Law Firm, but such request was ignored until after he filed this lawsuit. The complaint filed on February 10, 2003 alleges that the contract entered into between the plaintiff and defendant for credit repair services did not comply with the requirements of the CROA and is therefore void.

The defendants move to dismiss the complaint on the grounds that there was improper service upon them, that this Court lacks personal jurisdiction, and that attorneys are not subject to the Credit Repair Organizations Act. We will address each issue in turn.

**Service of Process**

The plaintiff served the defendants by having a process server leave a copy of

the summons and complaint with a receptionist at the Lexington Law Firm. The plaintiff apparently only served a single copy of the documents, intending that they reach both Lawrence and Lexington Law Firm.

A defendant may move to dismiss a complaint for improper service under Fed.R.Civ.P. 12(b)(5). The plaintiff then has the burden of making a prima facie showing that there was indeed proper service. *Trotter v. Oppenheimer & Co., Inc.*, No. 96 C 1238, 1997 WL 102531 (N.D.Ill., March 4, 1997).

Pursuant to Fed.R.Civ.P. 4, service upon an individual within a judicial district of the United States is proper if it is: 1) pursuant to the law of the state in which the district court is located or in which service is effected, Fed.R.Civ.P. 4(e)(1), or, 2) effected by "serving the individual personally or by leaving a copy of the complaint and summons at the individual's dwelling house or by delivering the summons and complaint to an agent authorized by appointment or by law to receive service of process." Fed. R.Civ.P. 4(e)(2).

The defendants focus primarily on Illinois' and Utah's laws for serving individuals. Utah's law mimic those of Fed.R.Civ.P. 4(e)(2). In Illinois, an individual may be served:

> (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode. 735 ILCS 5/2-203(a).

We agree that plaintiff did not correctly serve Lawrence as an individual, since the summons and complaint was delivered to a third party at Lawrence's office.

However, the question remains as to whether plaintiff correctly served Lexington Law Firm. The complaint alleges that the law firm is a corporation, but defendants contend that it is really a sole proprietorship, a claim plaintiff does not contest. Under Utah law, a sole proprietorship is served in the same way as a corporation. U.C.A. 1953 § 42-2-11. And in Utah, service upon a corporation may be effected by "delivering a copy of the summons and complaint to an officer, a managing or general agent, or other agent authorized by appointment or by law to receive service of process . . . If no such officer or agent can be found within the state, and the defendant has, or advertises or holds itself out as having, an office or place of business within the state or elsewhere, or does business within the state or elsewhere, then upon the person in charge of such office or place of business." Utah R.C.P. 4(d)(1)(E).

In Illinois, service on a corporation may be effected by: 1) leaving a copy of the complaint and summons with the corporation's registered agent or any officer or agent found anywhere within the state; or 2) in any other manner permitted by law.

Defendant explains that Victor Lawrence himself is the registered agent for Lexington Law Firm, and he was never served with process in that capacity. Further, defendant argues that the receptionist was not a general or managing agent of Lexington, let alone its registered agent, so the plaintiff's act of leaving the summons with Lexington's secretary is not sufficient under Utah law or Illinois law. We agree. Such service does not comport with the law for serving a corporation/sole proprietorship. *See Island Terrace Apartments v. Keystone Service Co.* 341 N.E.2d 41 (Ill.App. 1975) (holding that corporation's clerk, who did not understand the import of legal summons, was not a proper agent for service of a complaint). Plaintiff cites to

*Island Terrace* for the proposition that defendant has the burden of showing that the receptionist at a law firm is not a proper person to receive legal documents, and states, without authority, that a person in charge of receiving papers for a corporation is a proper agent for service of process. It offers no evidence to prove that the receptionist had any idea about the importance of the papers she received. We find that Lawrence has fulfilled his burden by filing an uncontested affidavit specifically stating that he has not given authority to anyone to accept documents on his behalf.

Plaintiff's citation of *A-Z Equipment Co. v. Moody* 410 N.E.2d 438 (Ill.App.3d 1980) is of no avail. In *Moody*, the Court held that service was not improper merely because the summons named a non-entity – Ken Moody Masonry Company – as defendant, since it was obvious that the plaintiff intended to serve Ken Moody, d/b/a Ken Moody Masonry Company. Further, it was proper to serve the defendant by leaving the summons with the "secretary on duty", but the Court's reasoning focuses on the fact that defendant's office was also his home. Here, service was made on a law firm, not Lawrence's home. And although the plaintiff contends that the defendant had valid service of process because the defendant's employee accepted the papers therefore giving him timely notice of the lawsuit, "a defendant's actual notice of the litigation. . . is insufficient to satisfy Rule 4's requirements." *Mid-Continent Wood Products, Inc. v. Harris*, 936 F. 2d 297, 301 (7th Cir. 1991). The plaintiff has failed to meet his burden of showing that there was proper service of summons upon the defendant; therefore, in accordance with Rule 12(b)(5), the attempted service should be vacated and the motion to dismiss should be granted.

**B. This Court Has Personal Jurisdiction Over the Defendant**[2]

As with the establishment of proper service, the plaintiff has the burden of establishing personal jurisdiction over the defendant. *Steel Warehouse of Wisc, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). And as we explained above, the allegations of the complaint are to be taken as true. Although we may consider affidavits submitted by the parties, conflicts of fact are to be resolved in favor of the plaintiff. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987) (reversed by statute on other grounds). To survive a motion to dismiss, plaintiff must allege sufficient facts to support a reasonable inference that defendant is subject to personal jurisdiction. *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986), *cited in Arnold v. Goldstar Fin. Sys., Inc.*, No. 01 C 7694, 2002 WL 1941546 (N.D.Ill., Aug. 22, 2002).

In this case, we are concerned whether there is specific jurisdiction over the defendants, that is, whether they may be subject to jurisdiction based on their contacts with Illinois that are related directly to the plaintiff and his claims. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). To establish specific jurisdiction[3] in cases involving a federal question, a plaintiff must show that, 1) bringing a defendant into court comports with due process guarantees of the Constitution, and that 2) the defendant is amenable to service of process. *United States v. Martinez De Ortiz*, 910 F.2d 376, 381 (7th Cir. 1990).

---

[2] Although dismissal of the complaint for lack of service should end our inquiry, we are going to analyze defendants' remaining arguments as well, since they will still be at issue if plaintiff is ever able to effect proper service.

[3] The plaintiff does not make an allegation that Lexington Law Firm is subject to general jurisdiction in Illinois. In any case, the use of a website is generally not enough to establish general jurisdiction over a defendant. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

Amenability to service of process depends on whether the defendant can be subject to this court's jurisdiction under the Illinois long-arm statute, 735 ILCS 5/2-209. In addition to enumerating a number of specific activities that confer jurisdiction if undertaken in Illinois, the statute allows exercise of personal jurisdiction over a defendant "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." Thus, the entire inquiry becomes one of whether bringing the defendant into this court's jurisdiction would comport with due process requirements of the Illinois and federal constitution.[4] Both constitutional analyses require us to assess the nature and number of contacts that defendant has had with the state of Illinois. *See, e.g. Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990) ("jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend actions in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois. . .").

Similarly, the federal due process clause requires that the defendant have "minimum contacts between the defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). The relevant inquiry is to find "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and

---

[4] Since the Illinois statute authorizes jurisdiction on any grounds allowed by the Illinois and federal constitutions, it is not necessary to specifically determine whether any other sections of the Illinois long arm statute are met, such as that which provides for jurisdiction upon the making of a contract within the state. However, taking the facts found within the complaint as true, the defendant did transact business in the state through its website, and a contract was made between the defendant and Mr. Iosello, a resident of Illinois.

protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

In this case, plaintiff contends that we have personal jurisdiction over the defendants because Lawrence and Lexington Law Firm had minimum contacts with Illinois when interacting with plaintiff regarding his contract for credit repair services. According to the plaintiff's affidavit, he actually entered into a contract with defendants via e-mail, by filling out a form on Lexington Law Firm's website and transmitting it to them. He also communicated with the law firm via e-mail on several occasions.

A defendant may have minimum contacts with a state based on its maintenance of a website that is accessed by individuals in that state. *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F.Supp.2d 824, 837 (N.D.Ill. 2000). In Illinois, the District Courts have outlined three categories of internet activity for the purposes of describing minimum contacts: 1) those sites in which a defendant clearly transacts business over the internet with foreign jurisdictions, 2) passive sites in which defendant posts information over the internet but does not communicate any further with customers, and 3) interactive web sites over which defendants and customers can communicate regarding the defendant's goods or services. *See, e.g., Berthold Types Ltd. v. Mikrograf Corp.*, 102 F.Supp.2d 928, 932 (N.D. Ill. 2000).

Following this approach, personal jurisdiction may be asserted over a defendant if his internet business falls under the first category of internet activity, where he is clearly transacting business with customers in foreign jurisdictions. *Id.* at 932. Internet activity that falls under the second category, a passive website that basically does nothing more than transmit information to potential customers, is insufficient to establish personal jurisdiction over a defendant. *Id.* at 933; *International Star Registry of Illinois v.*

*Bowman Haight Ventures*, No. 98 C 6823, 1999 WL 300285 (N.D.Ill., May 6, 1999) at *5. Internet businesses falling under the third category, which allow a defendant and a potential customer to communicate regarding the defendant's goods and services, can be sufficient to assert personal jurisdiction. *Id.* at *5.

Under this framework, defendant's website is sufficient to bring him within the jurisdiction of this Court. In the first place, defendant's website is clearly not "passive", for the website facilitated exchange of e-mail between the defendant and plaintiff. Furthermore, this website was more than just a forum for communication, as Mr. Iosello actually entered into a contract on-line, thereby procuring the services of Lexington Law Firm. The firm could reasonably anticipate being haled into Illinois Court based on the fact that it knowingly undertook "continuing obligations" to an Illinois resident. *See Burger King Corp. v. Rudzewicz* 471 U.S. 462, 476 (1985). Indeed, another Illinois District Court has come to the same conclusion regarding a company offering credit repair services over the internet. *See Arnold v. Goldstar Financial Systems, Inc.*, No. 01 C 7694, 2002 WL 1941546 (N.D.Ill., Aug. 22, 2002).

Defendant asserts repeatedly that it has no offices or employees in Illinois, and that Lexington Law Firm has never sent any of its employees to Illinois for business-related purposes. However, establishing such contacts in a forum state is unnecessary to be able to assert personal jurisdiction over a defendant; the mere fact that a business had economic gain from customers in Illinois who procured its services is enough to show that a business purposefully availed itself of the privilege of conducting activities within Illinois. *International Star Registry of Illinois*, 1999 WL 300285 (N.D. Ill) at *6. A business does not have to specifically target customers in a particular state to be

subject to its jurisdiction. *Id.* at *6. So while it may be true that the defendant cannot control where internet transmissions are directed towards (and thus, cannot exclude signals from entering into Illinois), that is irrelevant here.

Although the defendant argues that the communications between Lexington Law Firm and Mr. Iosello were insignificant, and few and far between, "it is the quality of contacts, not their number that determine whether they amount to purposeful availment for jurisdiction purposes. A single act may be sufficient to find that business was transacted. . ." *International Star Registry of Illinois*, 1999 WL 300285 (N.D.Ill) at *7. Direct business activity conducted over the internet is sufficient to establish minimum contact and purposeful availment; however, even if a contract were to be considered insufficient to establish personal jurisdiction, additional e-mail and telephone contacts between the parties evidence the existence of business transactions between the plaintiff and defendant. Thus, defendant has established sufficient minimum contacts with Illinois that bringing him into the jurisdiction of this court would meet due process standards of fair play and substantial justice.

Finally, the defendant claims that the CROA does not pertain to lawyers, and that the motion to dismiss should be granted on that ground. However, 15 USCA § 1679a(3)(B) provides explicit exceptions to the definition of a "credit repair organization", including non-profit organizations, creditors, depository institutions, and state credit unions. Nowhere are lawyers listed under these exemptions from the CROA; we have found no statutory clause exempting lawyers from the CROA. Furthermore, defendants provide no other definitive support toward this claim. Thus, it is an insufficient basis on which to grant a motion to dismiss.

For the above reasons, we recommend that the District Court GRANT defendants' motion to dismiss the complaint on the ground that it was improperly served, but find that, should service become effective in the future, defendants are subject to personal jurisdiction in Illinois, and subject to the strictures of the CROA. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

**ENTER:** [signature]
**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: July 18, 2003**