# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 987 | **DATE** | 8/7/2003 |
| **CASE TITLE** | CHRISTOPHER IOSELLO vs. LEXINGTON LAW FIRM, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] This Court adopts Magistrate Judge Mason's R & R. The Court grants defendants' Rule 12(b)(5) motion to dismiss for improper service [11-2], denies Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction [11-1], and denies Rule 12(b)(6) motion to dismiss for failure to state a claim [11-3]. Plaintiff's motion to extend deadline for service is granted and the Court denies without prejudice motion for leave to make service by alternative means. Plaintiff's motion for certification of class [3-1] is stricken without prejudice until service of process has been effected. ENTER MEMORANDUM OPINION AND ORDER.
(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | AUG 1 2 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | CG courtroom deputy's initials | 03 AUG 12 AM 8:30 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

| | |
|---|---|
| CHRISTOPHER IOSELLO, | ) |
| Plaintiff, | ) |
| | ) 03 C 987 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| LEXINGTON LAW FIRM, a corporation, and VICTOR LAWRENCE, | ) |
| Defendants. | ) |

**DOCKETED AUG 1 2 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Iosello and defendants Lexington Law Firm ("LLF") and Victor Lawrence, principal officer and owner have filed written objections, pursuant to Fed. R. Civ. P. 72, to Magistrate Judge Mason's Report and Recommendation ("R & R") entered on July 18, 2003. In his complaint, the plaintiff alleged a violation of the Credit Repair Organizations Act (15 U.S.C. § 1679) ("CROA"). In his R & R Magistrate Judge Mason considered a motion to dismiss for improper service pursuant to Fed. R. Civ. P. 12(b)(5) and a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). In addition, the defendants argued that the CROA does not apply to attorneys performing credit repair. Magistrate Judge Mason recommended that this Court grant the motion to dismiss, based on the fact that Defendants were never properly served. He also recommended that this Court has personal jurisdiction over the defendants, were they ever to be served properly and that the defendants are, in fact, subject to the CROA. For the reasons set forth below, this Court adopts Magistrate Judge Mason's R & R in full. Additionally, the Court grants Plaintiff's Motion to Extend

Deadline for Service, but denies Plaintiff's Motion for Leave to Make Service by Alternative Means.

## FACTS

This matter arises out of Mr. Iosello's transaction of business with LLF. During 2002, Mr. Iosello, a resident of Chicago, Illinois, contracted with LLF, located in Salt Lake City, Utah, for credit repair services. (Compl. ¶ 10.) Plaintiff learned about and entered into contract with LLF through its website. (*Id.*) Throughout the relationship, plaintiff interacted with LLF via Internet, mail and telephone. (*Id.*) Because he was not satisfied with the service, plaintiff requested his money back. (*Id.* ¶ 12.) Plaintiff alleges in the complaint that his contract with LLF did not comply with the requirements of CROA because (1) it failed to include in writing the total amount of all payments to be made by the consumer to the credit repair organization or to any other person and (2) it did not include a "Notice of Cancellation" form in duplicate. (*Id.* ¶ 11.) These alleged violations prompted plaintiff to request compensatory and punitive damages, attorney's fees and expenses and other appropriate relief. However, defendants contend that they were never properly served, that this Court lacks personal jurisdiction and that attorneys are not subject to the CROA, and therefore, they move to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(5), 12(b)(2) and 12(b)(6) respectively.

## DISCUSSION

When written objections are filed regarding a magistrate judge's R & R, the district court is required to conduct a *de novo* review of those portions of the R & R at which specific objections are aimed. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Nevertheless, *de novo* review does not require a *de novo* hearing; the district court is not

2

required to conduct another hearing to review the magistrate judge's findings and credibility determinations. *See United States v. Raddatz*, 447 U.S. 667, 675 (1980); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *United States v. Severson*, 49 F.3d 268, 273 (7th Cir. 1995). Rather, the district court has discretion to "accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(B) (2002). If the district court is satisfied with the magistrate judge's findings and recommendations, it may in its discretion treat those findings and recommendations as its own. *Raddatz*, 447 U.S. at 675.

### A. Service of Process

Once a defendant has challenged the sufficiency of service of process with a motion to dismiss under Fed. R. Civ. P. 12(b)(5), the burden is upon the plaintiff to make a prima facie showing that there was proper service. *Trotter v. Oppenheimer & Co.*, No. 96 C 1238, 1997 WL 102531, at *2 (N.D. Ill. Mar. 4, 1997). According to Fed. R. Civ. P. 4, service upon an individual within a United States judicial district may be effected:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service or process.

Fed. R. Civ. P. 4(e). The first section of Fed. R. Civ. P. 4(e) points out that service is proper pursuant to the law of the state in which the district court is located, (Illinois) or in which service is effected (Utah). While the Utah service rules are the same as Fed. R. Civ. P. 4(e)(2), in Illinois, someone may be served:

> (1) by leaving a copy of the summons with the defendant personally, [or]

> (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode.

735 ILCS 5/2-203(a). In this case, plaintiff served defendants by having a process server leave a copy of the summons and complaint with a receptionist at LLF. (Def's. Mem. Supp. Mot. Dismiss at 1.) Defendant Victor Lawrence was never served personally; a copy of the summons was never left at his home; a copy of the summons was never sent to his home. Therefore, in the event plaintiff was attempting to serve Lawrence as an individual, this attempt failed.

There is however, a question as to whether LLF was properly served. Magistrate Judge Mason came to the conclusion that service was not proper and it is that aspect of the R & R to which plaintiff objects. While the complaint alleges that LLF is a corporation, defendants contend that it is a sole proprietorship and this contention is uncontested by the plaintiff. Under Utah law, a sole proprietorship is served in the same way as a corporation. U.C.A. 1953 § 42-2-11. According to Utah R. Civ. P. 4, service on a corporation may be effected

> by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy of the summons and the complaint to the defendant. If no such officer or agent can be found within the state, and the defendant has, or advertises or holds itself out as having, an office or place of business within the state or elsewhere, or does business within the state or elsewhere, then upon the person in charge of such office or place of business.

Utah R. Civ. P. 4(d)(1)(E). In Illinois, a corporation may be served by (1) leaving a copy

4

of the complaint and summons with the corporation's registered agent or any officer or agent found anywhere within the state; or (2) in any other manner permitted by law. 735 ILCS 5/2-204. Plaintiff suggests that a receptionist who is in charge of receiving papers for a corporation is a proper agent for service of process. "Generally, the sheriff's return is prima facie evidence of service which can be set aside only by clear and satisfactory evidence." *Island Terrace Apartments v. Keystone Serv. Co., Division of Cole Coin Operated Laundry Equip., Inc.*, 341 N.E.2d 41, 43-4 (Ill. App. 1975). However, when a corporation is the defendant, the sheriff's return is not conclusive as to the fact of agency. *Id.* Most likely agency is not within the personal knowledge of the officer and therefore, it may be disputed by a denial. *Id.* "Where the agency of the person named on the return is disputed, the defendant has the burden of proving that the individual served was not a proper person to receive service." *Id.*

Defendants have explained that Victor Lawrence is the registered agent of LLF. (Def's. Mem. Supp. Mot. Dismiss at 1.) Defendants also contend that the receptionist was not a general or managing agent and was not authorized by law or by appointment to receive service on behalf of Mr. Lawrence or LLF. (Def's. Decl. ¶ 4.) Plaintiff argues that case law demonstrates a receptionist is a proper person to receive service. In *A-Z Equipment Co. v. Moody*, the Court held that service was proper when the summons was left with the secretary on duty. 410 N.E.2d 438, 441 (Ill. App. Ct. 1980). However, in that case, the defendant's office was also his residence. *Id.* at 440-1. Additionally, in *Sarkissian v. Chicago Board of Education*, the Court held a receptionist was a proper person to receive service, but in that case, the evidence established that the Board had delegated authority to her to accept service through a regular custom or practice. 776

N.E.2d 195, 208 (Ill. 2d 2002). Plaintiff also argues that the service was valid because the defendant had timely notice of the action, but "a defendant's actual notice of the litigation ... is insufficient to satisfy Rule 4's requirements." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). This Court finds that Mr. Lawrence's uncontested declaration fulfills his burden to establish that the receptionist was not a proper person to receive service. The Seventh Circuit has made it clear that "a liberal construction of the rules of service of process 'cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had.'" *Mid-Continent*, 936 F.2d at 300 (quoting *United States v. Mollenhauer Labs., Inc.*, 267 F.2d 260, 262 (7th Cir. 1959)). It is clear that plaintiff has not met the strict standards for service of process in this instance. Therefore, this Court accepts Magistrate Judge Mason's R & R on this issue.

B.  **Personal Jurisdiction**[1]

It is the plaintiff's burden to make a prima facie showing of personal jurisdiction. *See, e.g., Central States v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000); *Kohler Co. v. Kohler Int'l, Ltd.*, 196 F. Supp. 2d 690, 695 (N.D. Ill. 2002); *Quantum Color Graphics, LLC v. Fan Ass'n Event Photo GMBH*, 185 F. Supp. 2d 897, 902 (N.D. Ill. 2002). In analyzing personal jurisdiction, the Court considers all facts in the complaint as true unless refuted by the defendant in an affidavit. *Kohler Co. v. Kohler Int'l*, 196 F. Supp. 2d at 695; *Jones v. Sabis Educ. Sys., Inc.*, 52 F. Supp. 2d 868,

---

[1] Although dismissal of the complaint for improper service is a threshold issue, this Court feels compelled to analyze defendants' remaining arguments, because they will be at issue if plaintiff is able to effect proper service in the future, especially in light of the fact that the Court grants plaintiff an extension of time in which to do so.

883 (N.D. Ill. 1999). Once a fact is challenged by an affidavit from the defendant, the plaintiff has an obligation to provide an additional affidavit supporting his or her contention. *Id.* In the end, all disputed facts will be resolved in the plaintiff's favor. *See id.*

On this issue, Magistrate Judge Mason recommended that this Court find it does have jurisdiction over the defendants. One of defendants' objections is directed at that aspect of the R & R. Specifically, defendants suggest that Magistrate Judge Mason's rationale for finding personal jurisdiction was flawed with regard to "(1) identifying the contacts Mr. Lawrence had with Illinois; (2) analyzing whether these contacts meet constitutional minimums; (3) analyzing whether, although minimum contacts are found, exercising jurisdiction sufficiently comports with fairness and justice; (4) whether the cause of action "arises out of" any of the defendant's constitutionally sufficient contacts with the forum." (Def's. Objections R & R at 4.) However, this Court agrees with Magistrate Judge Mason, and for the reasons set forth below, accepts his R & R on this issue.

Specific jurisdiction gives a court personal jurisdiction over a non-resident defendant who has sustained minimum contacts with the forum. *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 833 (N.D. Ill. 2000). To establish specific jurisdiction, a plaintiff must show that (1) bringing a defendant into court comports with due process guarantees of the Constitution, and that (2) the defendant is amenable to service of process. *See, e.g., United States v. De Ortiz*, 910 F.2d 376, 381 (7th Cir. 1990); *Berthold Types Ltd. v. European Mikrograf Corp.*, 102 F. Supp. 2d 928, 930 (N.D. Ill. 2000); *Euromarket*, 96 F. Supp. 2d at 833-34.

Amenability to service of process can be established by showing that the defendant is subject to this court's jurisdiction under the Illinois long-arm statute, 735 ILCS 5/2-209. *Euromarket*, 96 F. Supp. 2d at 834. The long-arm statute provides, *inter alia*, that jurisdiction is authorized "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). Therefore, the inquiry collapses into a due process inquiry - whether bringing defendants into this court's jurisdiction would comport with due process requirements of the federal and Illinois constitutions. *Berthold*, 102 F. Supp. 2d at 930; *Euromarket*, 96 F. Supp. 2d at 834. Both constitutions explain that the court must assess the nature and number of contacts that defendant has had with the forum state (Illinois). *See., e.g., Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990). The court must evaluate whether defendant has purposefully established minimum contacts with Illinois and whether those contacts would make personal jurisdiction reasonable and fair under the circumstances. *See, e.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997); *Berthold*, 102 F. Supp. 2d at 931. Specific jurisdiction also requires that the action arise out of the defendants minimum contacts with the forum state. *Berthold*, 102 F. Supp. 2d at 931; *Euromarket*, 96 F. Supp. 2d at 834.

Plaintiff suggests that this Court has personal jurisdiction over defendants because Lawrence and LLF established minimum contacts with Illinois when they interacted with plaintiff regarding credit repair services. Defendant argues that the interaction was actually unilateral activity conducted by plaintiff, and therefore, there was no "purposeful availment." (Def's. Objections R & R at 5.) However, it is hard to

8

believe that an "interaction" can be unilateral. Plaintiff's declaration states that he filled out a form and entered into a contract with LLF online through defendants' website and that communication went back and forth between plaintiff and LLF over email and the telephone. (Pl's. Decl. ¶ 2-6.)

While the issue of what type of Internet activity is sufficient to establish personal jurisdiction has not been addressed by the Seventh Circuit, there is an emerging standard. *See, e.g., Berthold*, 102 F. Supp. 2d at 932; *Euromarket*, 96 F. Supp. 2d at 837; *Int'l Star Registry of Ill. v. Bowman-Haight Ventures, Inc.*, No. 98 C 6823, 1999 WL 300285, at *4 (N.D. Ill. May 6, 1999). Courts in this district have adopted a three-part sliding scale approach to determine what level of website interaction subjects a defendant to personal jurisdiction. *Id.* The three categories of Internet activity are (1) those in which the defendant clearly transacts business in foreign jurisdictions over the Internet; (2) those in which the defendant has simply posted information on the Internet with a passive site, but has no further communication with potential customers via the Internet; and (3) those in which the defendant operates an interactive website that allows the defendant and potential customers in foreign jurisdictions to communicate regarding the defendant's goods or services. *Id.* Using this approach, the likelihood that personal jurisdiction can be constitutionally exercised is proportionate to the nature and quality of activity that a defendant conducts over the Internet. *Id.* This framework allows courts to appropriately exercise personal jurisdiction over those defendants who fall into the first category by actively conducting business over the Internet. *Id.* However, courts may not exercise jurisdiction over defendants who fall into the second category of passively providing information to potential customers. *See, e.g., Berthold*, 102 F. Supp. 2d at 933;

*Euromarket*, 96 F. Supp. 2d at 838; *Int'l Star Registry of Ill. v. Bowman-Haight Ventures, Inc.*, No. 98 C 6823, 1999 WL 300285, at *5. Lastly, courts may exercise jurisdiction over defendants who fall into the third category by providing an interactive website where a user can exchange information with the host computer. *Id.*

Applying this framework, defendants' website is sufficiently interactive to bring them within the jurisdiction of this Court. Not only do defendants exchange information with customers over the Internet, but defendants also transact business through the website. This activity is enough to establish minimum contacts with the forum state, and this dispute arises out of those contacts. Although defendants assert that this sliding scale approach is improper and invalid, this Court believes is an effective way to determine whether Internet activity is sufficient to establish minimum contacts in a specific jurisdiction analysis. Additionally, this Court sees no reason why its exercise of jurisdiction would offend the traditional notions of fair play and substantial justice. *See, e.g., Burger King*, 471 U.S. at 476-77; *RAR, Inc.*, 107 F.3d at 1277; *Berthold*, 102 F. Supp. 2d at 931. Therefore, this Court accepts Magistrate Judge Mason's R & R as to this issue.

### C. **Credit Repair Organizations Act**

Defendants contend that the CROA does not pertain to lawyers and that a motion to dismiss should be granted on that ground. Magistrate Judge Mason disagreed with defendants and suggested that the CROA does pertain to lawyers - and any other person - acting in the manner of a credit repair organization, unless specifically exempted by the text of the CROA. This is another aspect of the R & R to which Defendant objects. Defendant asserts that controlling case law establishes an exemption for lawyers

10

performing credit repair services and that Congress did not intend to regulate lawyers with the CROA. For the reasons set forth below, this Court rejects defendants' objections and adopts the R & R as to this issue.

15 U.S.C. § 1679 is the CROA. Section a(3)(B) of that Act provides explicit exceptions to the definition of a "credit repair organization." Lawyers are not listed in the list of exemptions and there is no other statutory clause exempting lawyers from the CROA. Furthermore, 15 U.S.C. § 1679a(3)(A) provides that for the purposes of this statute, a credit repair organization is

> any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating; or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i).

The fact that the statute names "any person" and does not include lawyers in its list of exceptions, suggests that there was no intention to protect lawyers from this regulation. Magistrate Judge Mason's R & R is accepted as to this issue as well.

In sum, the Court adopts Magistrate Judge Mason's R & R in its entirety. The Court holds that: (1) the service of process on Victor Lawrence and LLF was improper; (2) the Court has personal jurisdiction over both defendants; and (3) the CROA applies to lawyers.

In addition, plaintiff has moved for an extension of time in which to effect service of process which this Court, in its discretion, grants. Plaintiff has also moved for leave to make service by alternative means, which the Court denies without prejudice, because plaintiff has failed to make a sufficient showing that defendants have attempted to evade

11

service. Simply filing a motion to dismiss for improper service and refusing to waive service do not constitute an evasion of service.

## CONCLUSION

For the reasons set forth above, this court adopts Magistrate Judge Mason's R & R. The Court grants defendants' Rule 12(b)(5) motion to dismiss for improper service [11-2], denies defendants' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction [11-1], and denies defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim [11-3]. In addition, the Court, in its discretion, grants plaintiff's motion to extend deadline for service within 20 days of the date of this Memorandum Opinion and Order and the Court denies without prejudice plaintiff's motion for leave to make service by alternative means. Plaintiff's motion for certification of the class [3-1] is stricken without prejudice until service of process has been effected.

**SO ORDERED**  ENTERED: 8/7/03

RONALD A. GUZMAN
**UNITED STATES JUDGE**