## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 03 C 987 | **DATE** | 3/1/2004 |
| **CASE TITLE** | Iosello vs. Victor Lawrence | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] As stated in the attached Memorandum Opinion and Order, plaintiff's motion to compel [66-1] is granted in part and denied in part and defendant's motion for a protective order [73-1] is denied. Defendant's motion for a protective order filed on 9/29/03 [43-1] is denied as moot. Defendant is ordered to brief the issue of why its form letters qualify as work product or trade secrets by 3/12/04. Plaintiff's response is due by 3/19/04. Defendant's reply, if necessary, is due by 3/26/04. Courtesy copies to be delivered to chambers, room 2206.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 3/2/04 | 19 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 3/1/2004 | |
| KF | courtroom deputy's initials | 04 FEB 30 PM 12:40 | date mailed notice KF | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER IOSELLO,<br><br>Plaintiff,<br><br>vs.<br><br>VICTOR LAWRENCE, d/b/a,<br>LEXINGTON LAW FIRM,<br><br>Defendant. | Case No. 03 C 0987<br><br>Judge Ronald A. Guzman<br>Magistrate Judge Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

On February 10, 2003, plaintiff, Christopher Iosello, filed a class action suit against defendant, Lexington Law Firm, alleging violations of the Credit Repair Organization Act ("CROA"), 15 U.S.C. §1679. The punitive class has not been certified and fact discovery was set to close March 2, 2004. In a February 27, 2004 minute order, we extended fact discovery to June 2, 2004. Before us are cross motions from the parties regarding the proper scope of discovery. For the following reasons, we grant in part and deny in part plaintiff's motion to compel and deny defendant's motion for a protective order.

Plaintiff's motion to compel seeks responses to its first, second, and third discovery requests. Plaintiff categorizes the information it seeks to compel from its first discovery request as (1) class discovery, (2) financial discovery, and (3) other issues. Its second discovery request seeks letters defendant sent to various credit bureaus on behalf of plaintiff and its other clients. Its third discovery request seeks a list of all the

79

lawsuits defendant filed in the last five years. Defendant's motion for a protective order only addresses plaintiff's first discovery request.[1] Defendant addresses the remaining two requests in its response to the motion to compel.

**First Discovery Request**

Plaintiff seeks to compel (1) class discovery, (2) financial discovery, and (3) other issues from its first discovery request. Under "class discovery", plaintiff seeks the number of persons who contracted with defendant[2], their identities, the identities of defendant's employees, the amount of money it received from customers in the last five years, and documents to support these requests. Plaintiff asserts that it needs this information to determine whether there is a punitive class and whether it should proceed with its class action claim. Defendant objects, arguing that these requests seek privileged and confidential information and are overbroad and burdensome.

The argument in defendant's motion for a protective order is two fold. First defendant asserts that the "class discovery" plaintiff seeks includes confidential proprietary information, like its client list and revenue documents, which must be safeguarded from disclosure. Second, defendant argues that plaintiff's counsel, not plaintiff, is a direct competitor and therefore should be barred from accessing any of its confidential proprietary information. Defendant concedes that confidential proprietary

---

[1] Defendant also argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. That is a dispositive issue, not properly before this court. All dispositive issues must be raised before Judge Guzman.

[2] Plaintiff's request for information on all "persons who contracted with defendant" and "customers" is too broad. Plaintiff is not entitled to information on all persons who contracted with defendant. Plaintiff must narrow the scope of this request to individuals who are potential members of a punitive class in this case.

2

information is discoverable under most circumstances, because the Court can safeguard its confidentiality by entering a protective order. However, in this case, defendant contends that a protective order will not safeguard the confidentiality of the information because protective orders are designed to shield information from disclosure to parties and non-parties not counsel. Defendant correctly states that a protective order cannot prevent disclosure of the information to plaintiff's counsel. However, defendant incorrectly concludes that it should not be ordered to disclose its proprietary information.

As an initial matter, we find that the number of defendant's clients, the identity of its employees, the amount of money it received from customers in the last five years, and documents supporting such information do not qualify as confidential proprietary information and therefore, must be disclosed to plaintiff. Furthermore, even it this information was confidential and proprietary, defendant has not presented sufficient evidence to support its argument that plaintiff's counsel is a direct competitor and that disclosure of the information to them would harm defendant. However, we will error on the side of caution and therefore, order the parties to enter into an appropriate protective order to prevent the disclosure of this information to any non-parties before defendant produces the information at issue. Plaintiff's motion to compel is granted as to Requests to Admit 6 and 7, Interrogatories 2,3, and 5, and Document Request 17. Defendant's motion for a protective order is denied as to those requests.

As for the identity of defendant's clients, Interrogatory 4, in addition to arguing that such information is confidential, defendant also argues that it is protected by the attorney/client privilege. We do not agree. The general rule is that the identity of a client is not a confidential communication within the attorney/client privilege. *Amon v.*

*Harrison*, 1993 U.S. Dist. LEXIS 1360 at *9 (N.D. Ill. Feb. 8, 1993). However, there are a limited number of exceptions, when the attorney/client privilege can apply to the identity of a client. None of those exceptions are present in this case. Therefore, plaintiff's motion to compel a response to Interrogatory 4 is granted and defendant's motion for a protective order is denied.

Next, plaintiff seeks to compel "financial discovery", which it argues is relevant to its punitive damages claims. Specifically, plaintiff requests information on defendant's net worth, supporting financial statements, and any documents to support these requests. Defendant objects on the grounds that plaintiff has not provided any evidence to justify the awarding of punitive damages under CROA. Defendant's arguments go to the merits of plaintiff's claim. However, at this stage in the litigation plaintiff is merely required to properly plead a claim for damages, not provide evidence to support that claim. Because plaintiff's punitive damage claims are at least minimally viable, its request for financial information is relevant. Whether the district court actually decides to award punitive damages in this case is a separate question, not presently before us. Therefore, plaintiff motion to compel response to Interrogatories 8, 9, and 11 and Document Requests 14, 15, and 16 is granted and defendant's protective order is denied as to this information.

Finally, plaintiff seeks to compel documents relating to "other issues." Plaintiff alleges that defendant has refuses to turnover documents that it previously agreed to produce. Specifically, plaintiff seeks more complete responses to Document Requests 3, 4 and 12 and Interrogatories 5 and 7. To the extent defendant has any responsive information that it has not disclosed, it is ordered to do so. We agree with defendant

4

that Interrogatory 7 is vague and therefore, defendant is not ordered to respond to it.

**Second Discovery Request**

Plaintiff's second discovery request seeks (1) all letters sent on behalf of plaintiff and (2) copies of all form letters defendant has sent on behalf of all of its clients. Defendant's response to the first request listed the date and subject matter of each letter sent on behalf of plaintiff, but stated that it could not produce the actual letters because defendant has a "paper-less" office. To the extent defendant has any copies of the letters sent on behalf of plaintiff, whether in paper or electronic form, it is ordered to produce them.

Defendant objects to the second request, copies of every form letter sent on behalf of all its clients, arguing that they are confidential commercial information. Defendant also characterizes the form letters as trade secrets and work product, without any citations to case law. Because both sides provided cursory briefing on this issue, we will not determine whether the form letters qualify as trade secrets or work product at this time. However, we do believe that, at the very least, the form letters contain defendant's confidential proprietary information. Therefore, we will not compel their disclosure at this time.

**Third Discovery Request**

Plaintiff's third discovery request seeks a list of all the lawsuits defendant has filed in the last five years. Defendant objects, stating that this information is not relevant, is overbroad and unduly burdensome, is redundant and repetitive of previous discovery requests, and can be retrieved as easily by plaintiff as by defendant. Defendant argues

that it does not have this information readily available and would have to contact each individual court that it has appeared before in the last five years, a task that can just as easily be done by plaintiff.

We find it hard to believe that defendant does not have a list of current and former cases somewhere in its office. Moreover, creating such a list should not require defendant to call each court that it has appeared before in the past five years, as plaintiff would be required to do. Based on information within its office, defendant should, without much time and effort, be able to create a list with the name, case number, venue, and claims asserted for each case that it has filed in the past five years. Therefore, plaintiff's motion to compel a response to its third discovery request is granted.

## Conclusion

Plaintiff's motion to compel is granted in part and denied in part. Defendant's motion for a protective order is denied. Any discovery requests that plaintiff has been ordered to modify must be provided to defendant by March 5, 2004. Defendant is ordered to produce any outstanding discovery addressed in this opinion by March 20, 2004. Defendant is also ordered to brief the issue of why its form letters qualify as work product or trade secrets by March 12, 2004. Plaintiff's response is due by March 19, 2004. Defendant's reply, if necessary, is due by March 26, 2004. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: March 1, 2004