# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 03 C 987 | **DATE** | 10/8/2004 |
| **CASE TITLE** | | Iosello vs. Victor Lawrence | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] REPORT AND RECOMMENDATION is hereby submitted to Judge Guzman recommending that the District Court DENY plaintiff's motion for class certification [126-1]. Plaintiff's motion to strike Lexington's brief in response to class certification [172-1] is denied. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P 72. Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995). All matters relating to the referral of this case having been resolved, the referral is closed and the case is returned to the assigned judge.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 12 2004 | |
| | Notified counsel by telephone. | | date docketed | 181 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| ✓ | Copy to judge/magistrate judge. | | 10/8/2004 | |
| | | 2004 OCT -8 PM 2:04 | date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER IOSELLO, ) | **DOCKETED** |
| ) | OCT 1 2 2004 |
| Plaintiff, ) | |
| ) | Case No. 03 C 0987 |
| vs. ) | |
| ) | |
| VICTOR LAWRENCE, d/b/a ) | Judge Ronald A. Guzman |
| LEXINGTON LAW FIRM ) | |
| ) | Magistrate Judge Michael T. Mason |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Michael T. Mason, United States Magistrate Judge:

Plaintiff, Christopher Iosello, filed a class action complaint against Victor Lawrence, d/b/a Lexington Law Firm, alleging violations of the Credit Repair Organizations Act (15 U.S.C. § 1679 *et seq.*) and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS § 505/2 *et seq.*). Plaintiff also filed a motion for class certification. The District Court referred the matter of class certification to us for a report and recommendation. For the following reasons, we recommend that the District Court deny plaintiff's motion for class certification.

## Background

Plaintiff's Second Amended Complaint alleges that during 2002, he contracted with Lexington Law Firm ("Lexington") for credit repair services, via the Internet, mail and telephone. Plaintiff's contract terms were set forth on a website maintained by Lexington. Those terms are attached to the Second Amended Complaint as Exhibits A and B. Plaintiff alleges that Lexington's business practices do not comply with the Credit Repair

Organizations Act ("CROA") or the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). Plaintiff claims that Lexington's contract violates the CROA in multiple respects. In particular, plaintiff alleges three categories of CROA violations: (1) insufficient and improper disclosures; (2) false and misleading representations; and (3) payment violations (requiring an initial retainer fee prior to sending credit repair letters). Plaintiff further alleges that the CROA violations also constitute violations of the ICFA.

Plaintiff's complaint also alleges two class action claims. Plaintiff's CROA claim is brought on behalf of a class consisting of all persons who contracted with Lexington within five years prior to the filing of this action. Plaintiff's ICFA claim is brought on behalf of a class consisting of all persons with an Illinois address who contracted with Lexington within three years prior to the filing of this action.

Plaintiff's class certification motion requests certification of two classes against defendant Victor Lawrence, d/b/a Lexington Law Firm. Plaintiff defines the two classes as follows:

The CROA Class is defined as "all consumers who paid a fee to, or were charged a fee by, Lexington Law Firm or Victor Lawrence for the purpose of challenging inaccurate, misleading or unverifiable negative items on their credit reports between Feb. 10, 1998 and the present."

The ICFA Class is defined as "all consumers located in Illinois who paid a fee to, or were charged a fee by, Lexington Law Firm or Victor Lawrence for the purpose of challenging inaccurate, misleading or unverifiable negative items on their credit reports between Feb. 10, 2000 and the present."

**Analysis**

In order for a class to be certified under Federal Rule of Civil Procedure 23, the named plaintiff must demonstrate that the four requirements of Rule 23(a) are satisfied. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). The four requirements of Rule 23(a) are: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). All of these elements are prerequisites to certification and failure to meet any one of them precludes certification as a class. *Retired Chicago Police*, 7 F.3d at 596.

Both the 23(a)(2) commonality and 23(a)(3) typicality requirements are closely related. *Rosario v. Livadits*, 963 F.2d 1013, 1018 (7th Cir. 1992). Rule 23(a)(2) requires that the class have common questions of law or fact. Rule 23(a)(3) requires that the claims of the class representative be typical of the claims of the class. Indeed, the class representative's claims must have the same essential characteristics as the claims of the class. *Retired Chicago Police*, 7 F.3d at 597 (citing *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Retired Chicago Police*, 7 F.3d at 597.

Here, plaintiff's claims are based on his contract with Lexington. In his class

3

certification motion, plaintiff argues that the primary questions in this action are whether Lexington's contracts comply with the CROA and whether the systematic violations of the CROA are deceptive or unfair under the ICFA. All of the CROA violations plaintiff alleges in his complaint arise out of plaintiff's contract with Lexington and the disclosures plaintiff viewed on Lexington's website. However, the CROA and the ICFA classes as defined are not limited to individuals who entered into the same contract as the plaintiff or to individuals who reviewed and relied on the same web pages as the plaintiff. Instead, the classes include (with certain time period and location restrictions) *all consumers* who paid or were charged a fee by Lexington for the purpose of challenging inaccurate, misleading or unverifiable negative items on their credit reports.

Plaintiff contends that each credit repair customer has been subjected to one or more of the alleged CROA violations. While allegations in support of a motion for certification generally are presumed true, the plaintiff may not rest on mere conclusory allegations, and must make a minimal factual showing that the conditions for certification exist. *Panache Broadcasting v. Richardson Elecs.*, 1995 U.S. Dist. LEXIS 14462, *19 (N.D. Ill., September 27, 1995). Here, plaintiff has made no factual showing that the conditions for certification exist. In particular, plaintiff has failed to establish that any of the proposed class members entered into contracts that contained the same alleged CROA disclosure violations, false representations or payment violations as the plaintiff's contract. It is entirely possible that members of the proposed class entered into contracts which did not contain any of the CROA violations alleged in plaintiff's complaint. As a result, it is impossible to determine whether plaintiff's claims arise from the same practice or course of conduct as the class members' claims.

4

Because plaintiff has not demonstrated that his claims arise from the same practice or course of conduct as the class members' claims, plaintiff has failed to establish that his claims are typical of the claims of the class. Plaintiff also failed to establish the commonality requirement because a plaintiff who does not meet the typicality requirement does not have a claim common to the class. *Seidat v. Allied Interstate, Inc.*, 2003 U.S. Dist. LEXIS 10413, *9 (N.D. Ill., June 18, 2003) (recognizing that a plaintiff who does not meet the typicality requirement does not have a claim common to the class and consequently, such a plaintiff fails to meet the commonality requirement).

Furthermore, plaintiff has not met his burden to establish the Rule 23(a)(1) numerosity requirement. A plaintiff cannot satisfy the numerosity requirement without demonstrating that persons other than himself are similarly situated. *Jenkins v. Mercantile Mortg. Co.*, 231 F. Supp. 2d 737, 744 (N.D. Ill. 2002). Plaintiff argues that Lexington had 80,000 clients over the past several years and therefore, Lexington had more than 40 clients for credit repair services during the class period. However, plaintiff made no factual showing that any other Lexington clients were subjected to the same CROA violations as plaintiff alleges in his complaint. Therefore, plaintiff has not shown that persons other than himself are similarly situated. Additionally, a party seeking class certification cannot rely on speculation as to the size of the class to satisfy the numerosity requirement. *Id.* (recognizing that the mere fact that the defendant had many other customers did not necessarily mean other class members existed).

Because plaintiff failed to establish the Rule 23(a) numerosity, commonality and typicality requirements, plaintiff's motion for class certification must be denied. Plaintiff's failure to satisfy the Rule 23(a) requirements obviates the need to discuss whether plaintiff

satisfied the requirements of Rule 23(b).

**Conclusion**

This Court recommends that the District Court deny plaintiff's motion for class certification because plaintiff failed to satisfy the requirements of Rule 23(a). Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72. Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: October 8, 2004