Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 03 C 987 | **DATE** | 12/1/2004 |
| **CASE TITLE** | Iosello vs. Lexington Law Firm | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   REPORT AND RECOMMENDATION is hereby submitted to Judge Guzman recommending that the District Court grant in part and deny in part defendant's section 1927 motion for attorney fees [183-1] as stated on the reverse of this order. All matters relating to the referral of this case having been resolved, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices |
| | No notices required. | | DEC 0? 2004 date docketed |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | 12/1/2004 date mailed notice |
| ✓ | Copy to judge/magistrate judge. | | KF mailing deputy initials |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | |

Document Number 195

# ORDER

Before the Court is defendant Lexington Law Firm's motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1927. Defendant seeks an award of $15,950.81 for defending plaintiff's motion to reassign a related case (the *D'Agostino* case) and for preparing the § 1927 motion and reply brief. We recommend that the District Court grant in part and deny in part the § 1927 motion. Under § 1927, an attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927. Section 1927 explicitly requires that counsel act unreasonably *and* vexatiously before sanctions are warranted. *Id.*; *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992).

Here, defendant contends that plaintiff's counsel acted unreasonably and vexatiously in refusing to withdraw its motion to reassign the *D'Agostino* case after Judge Castillo granted defendant's motion to dismiss that case. Edelman, Combs, Latturner & Goodwin, LLC ("ECGL") argues that it did not withdraw the motion to reassign based on certain comments that Judge Castillo made after dismissing the *D'Agostino* case. ECGL apparently believed that Judge Castillo wanted Judge Guzman to be given the opportunity to rule on the motion to reassign. After reviewing Judge Castillo's comments, we disagree. Furthermore, Judge Guzman found that because the *D'Agostino* case had been dismissed, there was no basis whatsoever to grant the motion to reassign or the motion to declare *D'Agostino* a related case. Defense counsel repeatedly asked ECGL to withdraw the motion after *D'Agostino* was dismissed but ECGL refused. Accordingly, the Court finds that ECGL acted unreasonably and vexatiously in continuing to pursue the motion to reassign after the *D'Agostino* case was dismissed.

The purpose of sanctions awarded pursuant to § 1927 is to "deter frivolous litigation." *Moline v. Trans. Union, LLC*, 222 F.R.D. 346, 349 (N.D. Ill. 2004). After the court has found a violation of § 1927, the court has discretion to award attorneys' fees. *Id.* However, a fee award should not compensate for excessive time spent on a matter and the court also must consider whether the petitioning party adequately mitigated its own legal costs. *Id.* at 350. Here, we find that defense counsel spent excessive time on both matters related to the motion to reassign and the § 1927 motion. Additionally, if the motion to reassign was as baseless as defense counsel contends, local counsel should have been able to handle the motion. Defense counsel admits that local counsel was available and the use of local counsel would have mitigated a large amount of the legal costs sought here. Because we find that defense counsel failed to adequately mitigate defendant's legal costs, we recommend that the District Court deny defense counsel's request for fees and costs incurred in traveling to Chicago to appear for the motion to reassign.

The Seventh Circuit requires that this Court impose the least severe sanction that is adequate to serve the purpose of the rule. *Id.* at 351. We find that an award of $2010.00 (6 hours at $335/hour for preparing defendant's opposition to the motion to reassign and appearing for that motion) is adequate to deter ECGL from acting unreasonably and vexatiously in the future. Therefore, we recommend that the District Court order ECGL to pay defense counsel $2010.00. We recommend that the District Court deny defense counsel's request for fees incurred in preparing the § 1927 motion and reply brief. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72. Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).