IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER IOSELLO, | ) |
| Plaintiff, | ) Judge Ronald A. Guzmán |
| v. | ) 03 C 987 |
| VICTOR LAWRENCE, doing business as LEXINGTON LAW FIRM, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Michael T. Mason has recommended that Victor Lawrence's (doing business as Lexington Law Firm) motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1927 be granted in part and denied in part. Before the Court is plaintiff Christopher Iosello's objection to the Magistrate Judge's Report and Recommendation. For the reasons provided in this Memorandum Opinion and Order, the Court adopts the Report and Recommendation in full.

## FACTS

On May 27, 2004, while the instant case was pending before this Court, another plaintiff, who was represented by the same law firm as the plaintiff in the instant case, Edelman, Combs, Latturner & Goodwin, LLC ("Edelman Combs"), brought another suit against the instant defendant, see *D'Agostino v. Lexington Law Firm*, No. 04 C 3660 (N.D. Ill. 2004). On August 27, 2004, Lexington moved to dismiss or stay the *D'Agostino* case pending resolution of class certification status in *Iosello*, the instant suit. On August 30, 2004, Edelman Combs on Iosello's behalf moved this Court to find that the *D'Agostino* case was related to the instant case and to

have it transferred to this Court's docket, and the motion was set for presentment on September 7, 2004. *Id.*

On August 31, 2004, after the relatedness motion was filed, but before it was presented to the Court, Judge Ruben Castillo dismissed the *D'Agostino* class claims with prejudice and individual claims without prejudice. (Pl.'s Objection Magistrate's Report & Recommendation ("Pl.'s Objection") at 1; Def.'s Resp. Mem. Opp'n Pl.'s Objection at 1-2.) Despite that fact, on September 7, 2004, before this Court, Edelman Combs argued Iosello's motion to reassign the class claims in the *D'Agostino* case and designate them as related to *Iosello*. (Def.'s Resp. Mem. Opp'n Pl.'s Objection at 2.) Edelman Combs refused to withdraw the motion although Lexington Law Firm made numerous requests for it to do so, and Edelman Combs argued that Judge Castillo wanted this Court to have the opportunity to rule on the motion for relatedness and on Lexington's motion for sanctions in the *D'Agostino* case. (Pl.'s Objection at 3.)

The Court denied Iosello's motion for a finding of relatedness, stating that it had no basis in law because the *D'Agostino* case had been dismissed and thus there was no case to reassign as related and that the *D'Agostino* sanctions motion was not related to the *Iosello* matter. Lexington then moved for attorneys' fees and costs under 28 U.S.C. § 1927 based on the argument that it was forced to defend against a motion that had no basis in law. The Court referred the motion to Magistrate Judge Mason for a Report and Recommendation.

Magistrate Judge Mason recommended granting in part and denying in part the motion. Magistrate Judge Mason stated that because the *D'Agostino* case had been dismissed, no basis existed for granting the motion to reassign or to declare *D'Agostino* as a related case. He also stated that Edelman Combs acted unreasonably and vexatiously in continuing to pursue the motion to reassign after the *D'Agostino* case was dismissed, and recommended that the law firm

2

be sanctioned $2,010.00 in attorneys' fees and costs for the preparation of a written opposition to plaintiff's motion to reassign *D'Agostino*. Plaintiff objects to Magistrate Judge Mason's Report and Recommendation and argues that Edelman Combs did not act in bad faith or multiply the proceedings by failing to withdraw the relatedness motion.

## DISCUSSION

Under Federal Rule of Civil Procedure 72, the standard of review employed by the Court to review matters determined by a magistrate judge depends on whether the matter is dispositive or nondispositive. FED. R. CIV. P. 72. "[R]esolution of a sanctions request is a dispositive matter capable of being referred to a magistrate judge only under [28 U.S.C.] § 636(b)(1)(B) or § 636(b)(3), where the district judge must review the magistrate judge's report and recommendations *de novo*." *Retired Chi. Police Ass'n v. Firemen's Annuity & Benefit Fund of Chi.*, 145 F.3d 929, 933 (7th Cir. 1998) (internal quotations omitted).

A motion for the award of attorneys' fees is governed by 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The purpose of sanctions awarded pursuant to section 1927 is to "deter frivolous litigation." *Moline v. Trans Union, L.L.C.*, 222 F.R.D. 346, 349 (N.D. Ill. 2004); *see Kapco Mfg. Co., Inc. v. C & O Enters.*, 886 F.2d 1485, 1491 (7th Cir. 1989).

Repetitious assertion of a legal argument may be grounds for sanctions to be awarded if "a competent attorney would find no basis for a legal argument." *In re TCI Ltd.*, 769 F.2d 441, 447 (7th Cir. 1985). Motions must be justified by existing law or a good faith argument for the

modification, reversal or extension of existing law. *Id.* Whether sanctions under 28 U.S.C. § 1927 are appropriate is based on an objective test and focuses on whether an attorney "has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice" or pursued a "claim without a plausible legal or factual basis and lacking in justification." *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988) (internal quotations omitted). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Id.* at 434.

Lexington contends that Edelman Comb's moving for reassignment of an already dismissed case was unreasonable and vexatious, and the Court agrees. In the Northern District of Illinois, Local Rule 40.4 governs motions for reassignment of cases as related and requires that each of the following conditions be satisfied:

(1) *both cases are pending in this Court*;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

N.D. ILL. LR 40.4(b) (emphasis added). Thus, Local Rule 40.4(b) requires that both cases must be pending to allow for reassignment. *Donahue v. Elgin Riverboat Resort*, No. 04 C 816, 2004 WL 2495642, at *2 (N.D. Ill. Sept. 28, 2004); *Hollinger Int'l, Inc. v. Hollinger, Inc.*, No. 04 C 0698, 2004 WL 1102327, at *2 (N.D. Ill. May 05, 2004). The primary purpose of reassignment of a case based on relatedness is to save judicial time and effort. *See* N.D. ILL. LR 40.4(b)(2).

4

By the time Edelman Combs presented its motion to reassign the *D'Agostino* case as related to the *Iosello* case, the *D'Agostino* case had been dismissed and was no longer pending.[1] Further, Lexington's counsel repeatedly asked Edelman Combs to withdraw the motion to reassign after *D'Agostino* was dismissed, but Edelman Combs refused. Therefore, a reasonable attorney aware of the requirements of the local rule would have withdrawn the motion for reassignment prior to the September 7, 2004 presentment date. Edelman Combs' continuing to pursue this motion once it knew of the dismissal of the case was a choice that a reasonably careful attorney would have known was unsound. The Court therefore finds that Edelman Combs acted unreasonably and vexatiously in presenting the motion for reassignment. Edelman Combs' baseless motion wasted the Court's time and resulted in Lexington's research and defense costs in preparing a response to the motion, as well as time and money on the part of defense counsel in attempting to persuade Edelman Combs to withdraw the motion.

Once the Court has found violations under section 1927, the Court has discretion to award attorneys' fees. *Moline*, 222 F.R.D. at 349. However, whether or not the party moving for sanctions has mitigated its own legal costs will influence the amount of the award. *Id.* Also, the Court must impose the least severe sanction that will serve the goals of section 1927. *Id.* Here, defense counsel sought $15,950.81 for defending plaintiff's motion to reassign and for preparing the section 1927 motion and reply brief. This amount includes attorneys' fees in the amount of $12,813.75 for the 38.25 hours of time spent preparing a defense to the motion to

---

[1] Edelman Combs' reliance on Judge Castillo's comments that this Court should be afforded the opportunity to address the relatedness motion is misplaced. Although Judge Castillo stated that this Court could reassign any *D'Agostino* individual claims, he clearly and unequivocally dismissed the *D'Agostino* case in total.

reassign, as well as $1,351.31 in costs, including travel expenses for defense counsel to travel from Utah to Chicago to appear for the presentment hearing. In counsel's log of time sheet entries, however, only six hours of the lead attorney's time were spent preparing defendant's opposition to the motion to reassign and appearing for that motion, at a rate of $335.00 per hour. Magistrate Judge Mason recommended an award of six hours of attorneys' fees at $335.00 per hour, stating that local counsel alone could have appeared for Lexington and reduced Lexington's defense costs. Because the Court holds that defense counsel failed to mitigate adequately a large amount of the legal costs sought, the Court also independently finds that the award of $2,010.00 in attorneys' fees and costs is appropriate and will serve the purpose of deterring Edelman Combs from engaging in similar conduct in the future.

Lastly, Lexington argues that the Court should not only affirm the Magistrate Judge's Report and Recommendation but also should also award attorneys' fees and costs related to its response to plaintiff's objection to the Report and Recommendation. The Court declines to award additional attorneys' fees and costs because the sanction of $2,010.00 serves as a sufficient deterrent for frivolous motions, the main purpose of 28 U.S.C. § 1927.

## CONCLUSION

For the reasons set forth above, the Court adopts in full Magistrate Judge Michael T. Mason's Report and Recommendation regarding defendant's motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1927 [doc. no. 183-1].

**SO ORDERED.**                    ENTERED: 9/16/05

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States District Judge